# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

**WILLIE MAE SCOTT,**            ]
                                 ]
    Plaintiff(s),        ]
                                 ]
    vs.                  ]    CV 00-N-03603-W
                                 ]
**AMERICAN GENERAL LIFE &**      ]
**ACCIDENT INSURANCE CO., et al.,** ]
                                 ]
    Defendant(s),        ]
                                 ]
**IDA DAWKINS,**                 ]
                                 ]
    Plaintiff(s),        ]
                                 ]
    vs.                  ]    CV 01-N-0265-W
                                 ]
**AMERICAN GENERAL LIFE &**      ]
**ACCIDENT INSURANCE CO., et al.,** ]
                                 ]
    Defendant(s),        ]

**ENTERED**

APR 2 6 2001

## MEMORANDUM OF OPINION

These consolidated cases are before the Court for consideration of Plaintiffs'

Motions to Remand, filed December 29, 2000, in *Scott v. American General Life & Accident

Insurance Company*, CV 00-N-3603-W, (Doc. #5), and February 27, 2001, in *Dawkins v.

American General Life & Accident Insurance Company, et. al.*, CV 01-N-0265-W (Doc. #

13). The defendant[1] removed the actions to this Court alleging the parties are completely

---

[1] On December 31, 1997, Independent Life and Accident Insurance Company was merged into American General Life and Accident Insurance Company with American General Life and Accident Insurance Company emerging as the surviving entity. After that date, Independent Life and Accident Insurance Company no longer existed as an operating entity. (Def.'s Notice of Removal at 1.)



diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §§ 1332, 1441 (2001). The Court has permitted jurisdictional discovery in *Scott*, and has considered the resulting submissions in assessing the facts present at the time of removal in both actions. *Sierminski v. Transsouth Fin. Corp.*, 216 F.3d 945 (11th Cir. 2000).

Plaintiff Scott alleges she owns seventy-four life insurance policies purchased from the defendant between 1970 and 1996.[2] The value of each policy is between $10.00 and $300.00 and Ms. Scott pays weekly premiums between $0.16 and $3.64. Plaintiff Dawkins alleges she owns five of defendant's policies, all purchased in 1968. The premium for each of Ms. Dawkins' policies is $0.10 per week and each policy has a face value of $1,000.00. Both plaintiffs claim the defendant practiced "race-based underwriting," wherein the premiums charged African-Americans were higher than the premiums charged whites for similar life and burial insurance policies. Ms. Scott stated she made "no claim for compensatory or punitive damages that exceed $74,000, inclusive of interest and costs." Ms. Dawkins stated, "[f]or all the claims [included in her complaint], Plaintiff claims an amount not to exceed $74,000, exclusive of interests and costs." The parties are completely diverse and the amount in controversy is the only issue before this Court.

Where damages are unspecified in the complaint, the preponderance of the evidence standard applies. *Sierminski*, 216 F.3d at 947-48, *citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000). However, where the plaintiff makes a

---

[2] In her Motion to Remand, Ms. Scott states that defendant charged discriminatory premiums on the few policies she purchased in 1970 - 1972.

specific claim for less than the jurisdictional amount, the defendant must satisfy the "legal certainty" standard established in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994).[3] These plaintiffs have specifically limited their claims to amounts below the jurisdictional threshold, and therefore the *Burns* standard applies.

To avoid remand, the defendant "must prove to a legal certainty that plaintiff's claim must exceed [the jurisdictional threshold]." *Id.* at 1095. "A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [\$75,000]." *Id.* at 1096. "[I]f there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, a federal court must remand the case." *Id.* at 1096 n.9. Where the plaintiffs specifically seek less than the jurisdictional amount, the defendant must prove the plaintiffs' counsel has "falsely" or "incompetently" assessed the case. *Id.*

Defendant argues the *Burns* "legal certainty" test should not apply to this case because plaintiffs' counsel breached his duty of candor to the court. Defendant points to the showing that plaintiffs have rebuffed repeated requests to permanently limit their damages in this matter to the amount stated in the complaint. Defendant also argues that plaintiffs' counsel has a pattern of pleading in similar cases against American General for an amount below the jurisdictional threshold. However, the subjective intent of the plaintiffs or plaintiffs' counsel in drafting the prayer for relief is not the true issue. *Id.* at 1096. The standard is

---

[3] Defendant's reliance on the statements in plaintiffs' Civil Court Cover Sheet that the "[a]mount (of relief requested was) not specified" is not convincing, since plaintiffs do not argue that they claimed a specific dollar amount, but rather that they specifically claimed less than \$75,000.

objective and the question is whether an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more. *Id.* In *Burns*, the plaintiff refused to limit her damages to the amount in the complaint and the Eleventh Circuit found the cause should have been remanded. "That plaintiff *might* ask for or recover more *after* removal is not sufficient to support jurisdiction." *Burns*, 31 F.3d at 1097 n.13. (emphasis in original).

Defendant contends the amount in controversy exceeds the jurisdictional threshold because Alabama plaintiffs routinely demand emotional distress and punitive damage awards in excess of $75,000, Alabama juries routinely award damages in excess of $75,000, and Alabama appellate courts routinely affirm large jury awards for emotional distress and punitive damages. Defendant also submitted the affidavit of Yale University Professor of Law George Priest in which Professor Priest analyzed damage verdicts in Alabama and concluded the amount in controversy exceeds $75,000. The Court agrees that the plaintiffs possibly, even probably, will recover more than $75,000 for their claims.   However, the narrow question this Court must answer is whether a damage award below $75,000 on plaintiffs' claims would be outside the range of legally permissible awards in Alabama. Defendant has not satisfied its burden on that issue. *But see Jackson v. American Bankers Ins. Co. of Fla.,* 976 F. Supp. 1450 (S. D. Ala. 1997)(relying, in part, on affidavit of George Priest to deny remand where legal certainty standard applied); and *Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197 (M. D. Ala. 1999)(relying, in part, on affidavit of George Priest to deny remand where preponderance of the evidence standard applied).

4

Accordingly, this Court finds it lacks subject matter jurisdiction in the above-styled actions. The plaintiffs' Motions to Remand are due to be **GRANTED.** (Doc. #5 in CV 00-N-3603-W and Doc. #13 in CV 01-N-0265-W). American General's "Motion for Jurisdictional Discovery" and "Amended Motion for Jurisdictional Discovery," (Docs. #2 and #11 in CV 01-N-0265-W) are **MOOT**. Because this action is being remanded the Court declines to rule on American General's "Motion to Reconsider," (Doc. # 12 in CV 01-N-0265-W) and "Motion to Dismiss," (Doc. # 6 in CV 00-N-3603-W).

An order in accord with this Memorandum of Opinion will be contemporaneously entered.

Done, this **26** of April, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE